UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **ANTONIO M. AGEE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:06-CV-0083-TCM |
| | ) |
| **TROY STEELE, LARRY CRAWFORD,** | ) |
| **GLEN BABICH, STEPHANIE KASTINGS,** | ) |
| **JUDY HUDSON, MELODY GRIFFIN,** | ) |
| **DEBBIE VINSON, UNKNOWN HAKALA and** | ) |
| **CORRECTIONAL MEDICAL SERVICES** | ) |
| **CORPORATION,** | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Antonio M. Agee (registration no. 501843) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the

prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $7.50 and an average monthly account balance of $1.72. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.50, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff, an inmate at Southeast Correctional Center (SECC), seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Troy Steele (SECC chief administrative officer), Larry Crawford (Missouri Department of Corrections, director), Glen Babich (SECC medical director), Stephanie Kastings (health service administrator), Judy Hudson (assistant director/health services), Melody Griffin (medical contract monitor), Debbie Vinson (director of nursing), Unknown Hakala (medical doctor) and Correctional Medical Services Corporation (CMS). Briefly, plaintiff alleges that he suffers excruciating pain from the following conditions: chronic pain on the right side of his body near the abdomen; chronic pain in his scrotum; severe and chronic back pain; seizures; and a white, bony outgrowth within his mouth. Plaintiff contends that defendants have failed and refused to provide, and unreasonably delayed, medical care. Plaintiff seeks declaratory, injunctive and monetary relief.

## Discussion

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). In order to state a claim against defendant CMS, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993).

Plaintiff has sufficiently alleged objectively serious medical needs of which defendants

Steele, Crawford, Babich, Kastings, Hudson, Griffin, Vinson, Hakala and CMS had knowledge. Although plaintiff states that defendants failed and refused to provide, and unreasonably delayed, medical care, he has submitted documentation to the Court which shows that he received care for his complaints of chronic pain on the right side of his body near the abdomen and the white, bony outgrowth within his mouth. *See* Doc. 9. Plaintiff's claims against defendants as to these medical needs amount to a disagreement with his course of treatment and, although they may be cognizable as a negligence or medical malpractice claim under state law, they are insufficient to sustain a constitutional violation. *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. For these reasons, the complaint is legally frivolous as to plaintiff's claims of chronic pain on the right side of his body near the abdomen and the white, bony outgrowth within his mouth.

Weighing all factual allegations in favor of plaintiff, the Court finds that his claims of deliberate indifference to chronic pain in his scrotum, severe and chronic back pain, and seizures against defendants Steele, Crawford, Babich, Kastings, Hudson, Griffin, Vinson, Hakala and CMS survive review under § 1915(e)(2)(B) and should not be dismissed at this time. Accordingly, the Court will order that these defendants respond to these claims.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] be **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.50 within thirty (30) days from the date of this order. Plaintiff is instructed to make his

remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Troy Steele, Larry Crawford, Glen Babich, Stephanie Kastings, Judy Hudson, Melody Griffin, Debbie Vinson, Unknown Hakala and Correctional Medical Services**.**

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Troy Steele, Larry Crawford, Glen Babich, Stephanie Kastings, Judy Hudson, Melody Griffin, Debbie Vinson, Unknown Hakala and Correctional Medical Services shall respond to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that defendants Troy Steele, Larry Crawford, Glen Babich, Stephanie Kastings, Judy Hudson, Melody Griffin, Debbie Vinson, Unknown Hakala and Correctional Medical Services shall have 5 (five) days from the date of service of process of the complaint to respond to plaintiff's motion for preliminary injunction [Doc. 4].

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. 6] be **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III

                                              UNITED STATES MAGISTRATE JUDGE

Dated this <u>13th</u> day of July, 2006.